IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,558-01, 02, 03, 04






EX PARTE MARK DAVID FITZGERALD, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. F-2002-1634-C, F-2002-1636-C, F-2003-0250-C, F-2003-0249-C

 IN THE 211th JUDICIAL DISTRICT COURT OF DENTON COUNTY

 

 Per Curiam.


 O R D E R



 These are applications for a writ of habeas corpus which were transmitted to this
Court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was
convicted of four separate aggravated robbery offenses, and punishment was assessed at 
confinement for thirty years in each cause. No direct appeals were taken. 

 Applicant contends, inter alia, that his pleas were rendered involuntary due to the
ineffective assistance of his counsel. Specifically, the Applicant contends that counsel
erroneously promised him that, if he pled guilty to the aggravated robbery charges, he would
receive shock probation from the trial court.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of counsel's affidavit, the trial court shall make findings of fact as
to whether Applicant's pleas of guilty were rendered involuntary due to the ineffective
assistance of his counsel. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the applications
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.